The legal issue presented here is whether plaintiff timely filed his request for trial by jury.
Plaintiff's initial complaint, filed October 28, 1975, contained no demand for jury. Defendant timely answered the complaint on November 26, 1975, and the parties subsequently engaged in limited discovery. On October 15, 1976, almost one year after the filing of the original complaint, the plaintiff filed an "Amended Complaint" and, for the first time, demanded a trial by jury. Defendant moved to strike the jury demand, alleging:
 "Said jury demand was not filed within the time prescribed by Rule 38 (b) and has therefore been waived under the provisions of Rule 38 (d) ARCP. Indeed, said jury demand comes after said case has already been set on this court's non-jury docket and within less than two weeks of the scheduled trial of the case."
The trial judge heard the case, without a jury, on May 11, 1977, and found the issues in favor of the defendant.
Plaintiff's motion for a new trial presented one ground; that the trial judge erred in refusing to grant a trial by jury.
We affirm.
The amended complaint essentially reasserted, in slightly different language, the same factual issues alleged in the original *Page 443 
complaint, which were controverted by defendant's answer.
If the amended complaint had presented a "new issue," then either party would have been entitled to demand a jury trial as to the new issue. However, when the 30-day period of Rule 38 (b) has run, an amendment of a pleading which does not introduce new issues will not give rise to the right to demand a jury. 5 Moore's Federal Practice, ¶ 38.41, p. 328.4.Connecticut General Life Ins. Co. v. Breslin, 332 F.2d 928
(5 Cir. 1964).
We find that plaintiff waived its right to a jury trial by failing to timely file its demand. We also note that the plaintiff did not request, by motion, pursuant to Rule 39 (b), that the trial court grant a trial by jury, "notwithstanding [its] failure . . to demand a jury. . . ." Cf. Clayton v.Simpson, 346 So.2d 457 (Ala.Civ.App. 1977).
In Swofford v. B W, Inc., 336 F.2d 406 (5 Cir. 1964), the court noted:
 "* * * [I]f a jury trial has been waived, a motion is necessary to invoke the court's discretion since the court may not employ Rule 39 (b) of its own initiative. See 2B Barron Holtzoff, Federal Practice and Procedure § 892, at 67 (Wright ed. 1961). But Rule 39 (b) says in part: `notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury * * *.' (Emphasis added.) We think that when a demand has been made, though untimely, it is not reversible error for the district court to exercise its own discretion under Rule 39 (b) even though we have advised previously that `[a] motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course * * *.' Roth v. Hyer, 5 Cir. 1944, 142 F.2d 227, 228."
The judgment appealed from is due to be affirmed. Having affirmed the judgment, we find it unnecessary to rule on appellee's motion to dismiss the appeal.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.