ALMON, Justice.
This is an original petition for writ of mandamus filed by Reliance Insurance Company, Tony Craft and The Nolen Agency.
The respondents are Judge William C. Barber, of the Jefferson County Circuit Court, and the other parties to the action pending in the Circuit Court.
The petition seeks to set aside an order issued by Judge Barber on July 3, 1979, which denied petitioners a right to a jury trial. The order also refused to add Dennis Mining Supply and Equipment, Inc., as a necessary party and limited the scope of discovery as to James H. Dennis, Sr.
For a better understanding of the facts we quote from pertinent portions of the petition.
1.Plaintiff, Substation Products Corporation, filed its original complaint on January 18, 1979, against State Farm Fire and Casualty Company, Reliance Insurance Company, and James H. Dennis alleging, among other things, that James H. Dennis had leased a building from the plaintiff, and that on or about July 24, 1978, Dennis, doing business as Dennis Mining Supply and Equipment, Inc., obtained fire insurance from State Farm Fire and Casualty Company on the building to insure plaintiff’s interest in the building. The original complaint averred that thereafter Dennis obtained additional or other insurance insuring the building with Reliance Insurance Company.
2. On February 9, 1979, plaintiff, filed an Amendment to Complaint, adding as defendants Tony Craft and The Nolen Agency. In the Amendment, plaintiff charged Reliance Insurance Company, Tony Craft and The Nolen Agency with, among other things, negligence in failing to adequately underwrite and insure the building. Moreover, plaintiff sought in its Amendment to have the Reliance insurance policy reformed to require Reliance to pay the plaintiff under the policy of insurance for destruction of the building by fire, for which plaintiff claimed $150,000, interest, costs and a reasonable attorney’s fee. The named insured under the Reliance insurance policy was Dennis Mining Supply and Equipment, Inc., which is not a party to this action.
3. The building, which is the subject of this action, was damaged and destroyed by fire on January 2, 1979. The Fire Prevention Bureau of the Fire Marshal’s office of the City of Birmingham Fire Department has determined that the fire originated by acts of arson. The arson is still under investigation by the Fire Prevention Bureau and no determination has been made at this point as to who is responsible for the commission of this crime of arson. One of the suspects is defendant, James H. Dennis, the principal of Dennis Mining Supply and Equipment, Inc. Contained in the building were vehicles, and various items of mechanical and office equipment and other office contents, a substantial part of which, were destroyed by the fire. A great deal of this personal property was also insured by poli *268 cies of insurance issued by Reliance Insurance Company to Dennis Mining Supply and Equipment, Inc., during the same time period based on misrepresentations made by its principal James H. Dennis.
4. On February 1, 1979, Reliance Insurance Company filed a Motion to Dismiss, which was overruled by Judge William C. Barber on February 20,1979. Investigation and discovery was begun by the defendants. Depositions were attempted to be scheduled by the various parties, but were postponed because of conflicts in the schedules of the attorneys. On May 4, 1979, before any depositions had been taken in the case, the attorney for the plaintiff, John Martin Ga-lese, obtained from Judge Barber a trial date of July 17, 1979, and wrote the other attorneys indicating that he had obtained the date. We, on behalf of Reliance Insurance Company, immediately informed Mr. Galese and Judge Barber that discovery could not be completed by that date.
5. On March 27, 1979, Judge Barber overruled a motion to dismiss filed on March 13, 1979, by defendants, The Nolen Agency and Tony Craft, and on June 5, 1979, defendants Tony Craft and The Nolen Agency filed its answer and jury demand, demanding on behalf of Tony Craft and The Nolen Agency a struck jury for the trial of this cause.
6. On May 11, 1979, Reliance Insurance Company filed its Answer to the Complaint. In its answer, Reliance Insurance Company raised as its fifth defense, that it' had been induced to write the policy of insurance in question by fraudulent misstatements of fact material to the acceptance of the risk and hazard to be assumed by the coverage applied for. Reliance also stated that the policy was issued in reliance upon such misstatements and as a result of such misstatements, and that the policy would not have been issued if the true facts had been known at the time of the application, had the misrepresentations not been made. Further, the defense was raised that the policy was void.
7. On June 4, 1979, Reliance Insurance Company filed and Judge William C. Barber heard Reliance’s Motion for Permission to File Cross-Claim, Adding Additional Party. Reliance sought through its motion to, among other things, add Dennis Mining Supply and Equipment, Inc., as a party to the action. Moreover, on June 4, 1979, Reliance Insurance Company filed a cross-bill for declaratory judgment. Reliance Insurance Company filed its cross-bill against James H. Dennis, Sr., Substation Products and Dennis Mining Supply and Equipment, Inc. Reliance averred in its cross-bill, among other things, that it was induced by Dennis to issue policies of insurance to Dennis Mining Supply and Equipment, Inc., to insure said company against loss by fire. Reliance stated that objects of insurance were certain buildings, equipment, vehicles and inventory, which Dennis represented that he and his company owned, free and clear of any mortgage or encumbrance, when in fact he and his company did not own many of the items insured. Reliance further stated that Dennis misrepresented his record of prior claims and that as a part of a scheme to defraud Reliance Dennis failed to inform Reliance that there was other insurance with other companies on some of the items that he was purchasing insurance on from Reliance. Reliance further claimed in its cross-bill that Dennis fraudulently misrepresented facts, omitted facts and concealed facts which were material to the acceptance of the risk by Reliance and were material to the hazard Reliance was induced to assume, and that the policies should be declared void.
8. On the same day, June 4, 1979 Judge William C. Barber entered an order denying and overruling Reliance Insurance Company’s Motion for Permission to File Cross-Claim, Adding Additional Party.
9. On June 12, 1979, Reliance Insurance Company filed its demand for a jury trial.
10. One of the items insured by Dennis Mining Supply and Equipment under the Reliance Insurance Company policy was a Chicago — Pneumatic CP-650 drill, serial number 70819. The drill was added to the policy and insured by Dennis Mining Supply and Equipment, Inc., with Reliance on De *269 cember 28, 1978, just five days before it was destroyed in the fire of January 2, 1979. Mr. Dennis, on behalf of Dennis Mining Supply and Equipment, Inc., filed proofs of loss with Reliance Insurance Company, claiming that he owned the drill. Through its own independent investigation, Reliance discovered that Bill Allen, of Bessemer Oil Company, insured the same drill for $225,-000 on December 28, 1978, with the Fireman’s Fund Insurance Company, claiming that he owned the drill rig. ITEL Capital Corporation has sued Dennis Mining Supply and Equipment, Inc., James Dennis, Bessemer Oil Company and Michael Terbecki in the United States District Court, claiming that on November 7, 1978, Dennis represented to ITEL that he owned the drill and that on November 7, 1978, Dennis sold the drill to ITEL for $225,000. ITEL claims-that Dennis represented the drill to have been a new one and represented that it would be located at Bessemer Oil Company, when in fact it was not new and was not located at Bessemer Oil Company. ITEL contends that Dennis defrauded it in a number of schemes. * * * After filing a proof of loss in which he claimed that he owned the drill, Dennis gave a sworn statement in which he admitted that he owned no interest in the drill rig, but stated that it was owned by John Thornton and Irmo Jean Thornton. Bessemer Oil Company is making a claim against Fireman’s Fund for the loss of the same drill rig but neither Bessemer Oil or Fireman’s Fund are parties to this lawsuit.
11.Moreover, Dennis, on behalf of Dennis Mining Supply and Equipment, Inc., filed a proof of loss with Reliance Insurance. Company for one 1978 Allis-Chalmers forklift valued at $18,650.00. Dennis claims on the proof of loss that he purchased the forklift from DeShazo Equipment Company on September 14, 1978, for $18,650.00, and he claims a total loss on the forklift in that amount. This forklift is one of the items insured under the Reliance Insurance poli-, cy. In our investigation we have since learned that DeShazo Equipment Company claims that it in fact owned the forklift, and that it had an insurance policy on the forklift with Commercial Union Insurance Company. Sometime after January 2,1979, DeShazo Equipment Company reported to Commercial Union Insurance Company that the forklift had been stolen.
12. On or about July 6, 1979, James H. Dennis was indicted by a Federal Grand Jury. Dennis is named in nine of the ten counts in the indictment. Count six of the indictment alleges that Dennis received $225,000.00 from ITEL Capital Corporation for a Chicago-Pneumatic model 650 drill, which is the same drill referred to herein, when Dennis never owned the drill. All ten counts of the indictment involved acts of fraud. One of the other persons indicted, along with Dennis, is James Anthony Shad-dix, a former employee of Dennis and a material witness in this action. That case is set to be tried in federal court in September.
13. On June 4, 1979, the deposition of James Dennis was taken and counsel for Reliance Insurance Company attempted to question Dennis about the drill rig that was in the building at the time of the fire which he had insured with Reliance Insurance Company and which had been insured by Bessemer Oil with Fireman’s Fund Insurance Company on the same day the Reliance policy was purchased by Dennis. Efforts were made to question Dennis about the other equipment that was inside the building that was also insured by Reliance Insurance Company, and which may have been insured by other persons with other insurance companies. Dennis refused to answer. The matter “was presented to Judge Barber and Reliance’s position was explained to Judge Barber. Judge Barber restricted the scope of discovery to questions which pertained to only the building itself. Judge Barber would not order Mr. Dennis to answer any questions relating to the drill or the forklift or any equipment that was inside the building which was damaged in the fire and which was insured under policies issued by Reliance Insurance Company during the same time that the policy on the building was taken out.
*270 14. In an effort to make its position fully understood, Reliance Insurance Company filed a written motion on June 18, 1979, asking that Dennis Mining Supply and Equipment, Inc., be added as an indispensable party, since it was the named insured under the policies of insurance, and on the basis that it was an indispensable party if the policy was to be declared void, and asking the Court to remove its restraint on discovery and to broaden the scope of discovery so as to include all matters which relate to the issue of fraud committed by Dennis Mining Supply and Equipment, Inc., its employees, James H. Dennis and his cohorts against Reliance Insurance Company. Reliance set out in its motion some of the facts which it hoped to be able to prove if the scope of discovery was broadened.
15. On June 25,1979, Reliance Insurance Company filed its Motion to Continue the trial of July 17 on the basis that jury demands had been made in the action and that there is no jury during the week of July 17, 1979, and because of the restrictions which had been placed on discovery earlier, and because the arson investigation has not been completed.
16. On June 29, 1979, Judge Barber heard arguments from counsel in support of the Motion to Continue and the Motion to Add Dennis Mining Supply and Equipment, Inc., as an indispensable party and to broaden the scope of discovery. * * *
17. On July 3,1979, Judge Barber issued a pre-trial order wherein he concluded that the various jury demands made by the defendants were not timely filed. His restraint on the scope of discovery was left intact. He further overruled and denied all other pending motions which would include Reliance’s Motion to Continue and Motion to Add and Broaden. * * *
The issues presented for our consideration are:
(1) Should the named insured be added as a necessary party?
(2) Should Reliance be precluded from discovering other alleged fraudulent acts of James H. Dennis, Sr., which pertain to the obtaining of insurance from Reliance?
(3)Are the petitioners entitled to a jury trial?
Petitioners’ first contention is that the named insured should be joined as a party under Rule 19, ARCP. Rule 19 states, in part, that
(a) Persons to be joined if feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.
The respondents assert that since evidence was presented that Dennis Mining Supply claimed no interest in the proceeds of the Reliance insurance policy and that Dennis, who is president, chairman of the board and sole stockholder of Dennis Mining Supply was already a party it is unnecessary to add Dennis Mining Supply.
We disagree. To begin with, the trial court does not have jurisdiction over Dennis Mining Supply and if not joined then Reliance, Tony Craft, Terry Henley and The Nolen Agency could be subject to the risk of incurring inconsistent obligations. Secondly, in a suit involving reformation or recision of a contract all the parties to the contract must be before the court. 3A Moore’s Federal Practice ¶ 19.10, at 224-26 (2d ed. 1979). Notwithstanding Dennis’ statement that his company claims no interest in the proceeds, the company must be before the court so that the policy under which it is a named beneficiary may be reformed. It is therefore our opinion that Dennis Mining Supply must be added as a party to this action.
*271 Petitioners also seek to discover matters concerning various items of personal property which were destroyed by fire along with the building. Discovery is being sought as part of an attempt to prove a fraudulent scheme on the part of Dennis. Respondents contend that the trial judge was made aware of the fact that various agencies of the United States government were conducting investigations into the personal property destroyed in the fire, and that James Dennis was a suspect in those investigations. Respondents further assert that the court was informed that if these questions were deemed to be within the permitted scope of discovery, Dennis would interpose his privilege against self-incrimination under the Fifth Amendment of the United States Constitution.
Rule 26(b), ARCP, provides that the scope of discovery may be limited by order of the court. In Assured Investors Life Ins. Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978), the court stated:
* * * The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters.
362 So.2d at 231-32. (Citations omitted.)
We find that Judge Barber has not abused his discretion in limiting the scope of discovery.
Lastly, petitioners contend that their jury trial demands should not have been overruled. Judge Barber’s reason for denying a trial by jury was that these demands were not timely filed. We find that the jury demands of Tony Craft and The Nolen Agency were timely filed but the jury demand made by Reliance Insurance Company was not.
Rule 38(b), ARCP, requires that a demand for a jury trial, on any issue triable by a jury, must be made within thirty days after the service of the last pleading directed to such issue. Thus
[if] the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than [thirty] days after service of the answer.
******
[However, if there is a] counterclaim and reply [which] raise new issues, and the answer is the last pleading directed to the issues raised by it and the complaint, a demand served more than [thirty] days after the answer but not later than [thirty] days after the reply is only effective for the issues raised in the counterclaim and reply and it does not require jury trial of the issues framed by the complaint and answer.
9 Wright & Miller, Federal Practice and Procedure, § 2320, at 92-93 (1971). See also, 5 Moore’s Federal Practice, ¶ 38.41, at 328.4 (2d ed. 1979); Hamon Leasing, Inc. v. Continental Cars, Inc., 358 So.2d 442 (Ala.1978).
On June 5, The Nolen Agency and Tony Craft filed an answer to those issues raised in Substation Products’ complaint. Their answer included a demand for a jury trial. As the thirty day period for making their jury demand commenced from the date of service of their answer the jury demand was timely filed.
Reliance filed its answer .to Substation Products’ complaint on May 11. A jury demand was not made at that time. On June 4 Reliance filed a cross-bill in which it requested that Dennis Mining Supply and Equipment, Inc., be added as an indispensable party. No other new issues were raised in- this cross-bill. On June 12, Reliance made a demand for a jury trial on all issues triable by a jury.
For Reliance’s June 12 jury demand to be timely it must have been made within thirty days following Reliance’s answer to Substation Products’ complaint. It would also have been timely if the cross-bill had contained new issues not raised in the Substa *272 tion Complaint. Since neither of the above has occurred Reliance’s jury demand must be found not to have been timely filed.
The petition for writ of mandamus is hereby granted to add the named insured as an indispensable party and to entitle Tony Craft and The Nolen Agency to a jury trial. The petition for writ of mandamus is denied as to petitioners’ request for a broader scope of discovery and Reliance’s request for a jury trial. Petitioners’ request for the filing of a cross-bill adding Dennis Mining Supply and Equipment, Inc., as an indispensable party is granted.
WRIT GRANTED IN PART AND DENIED IN PART.
TORBERT, C. J., and FAULKNER, EM-BRY and BEATTY, JJ., concur.