BEATTY, Justice.
This is a petition for mandamus directed to the Honorable Telfair J. Mashburn, *601 Judge of the Circuit Court of Mobile County. The petitioner (town) asks that the trial court be ordered to grant a jury trial in its action against the respondents. The respondents contend that the town’s jury demands were untimely under Rule 38(b), Alabama Rules of Civil Procedure, which provides:
“Any party may demand a trial by jury of any issue triable of right by a jury by serving ... a demand therefor .. . not later than 30 days after the service of the last pleading directed to such issue... . ”
The arguments of the parties essentially concern the determination of the last pleading on the issues for which a jury trial was sought. The writ is granted.
The original complaint, seeking declaratory and injunctive relief, was filed on August 22, 1980, to prevent the “lame duck” administration of the Town of Citronelle from proceeding with the construction of a hospital. Plaintiffs included interested town citizens and a majority of-the incoming town council. Defendants, in addition to the town itself, included parties (respondents) who had performed services in connection with the hospital project: Kurt Salmon Associates, Inc. (KSA); Hospital Management Associates (HMA); Barganier, McKee and Sims, Architects Associated (Architects); bond counsel James L. North; and the city attorney Michael Onderdonk. The complaint also sought a declaration as to compensation that these respondents should receive from the town for their services. The respondents ceased performance under their contracts, in compliance with a restraining order issued on August 22 and dissolved September 10, 1980. By this time the litigation had rendered the proposed bond issue for the hospital unmarketable.
In October and November of 1980, after the new town council took office, the respondents filed answers and cross-claims against the town seeking recovery for the services they had performed. After various delays, on March 5, 1982, the town was realigned as a party-plaintiff to permit the plaintiffs’ attorneys to also represent the town. Because of the realignment, KSA and HMA on March 25 refiled copies of their 17-month-old cross-claims against the town as counterclaims.
On April 7 the town filed two pleadings: its first jury demand and “cross-claims” against KSA, HMA, Architects and Onder-donk claiming damages for (1) breach of the contracts relied upon by these respondents in their claims against the town and (2) malpractice by Onderdonk. The trial court granted an oral motion to strike the town’s jury demand.
On May 10 KSA and HMA filed answers to the town’s April 7 cross-claim. On May 12 the town filed a motion for a jury trial. On June 2 Architects answered the town’s cross-claim. On June 3 KSA and HMA moved to strike the town’s motion for a jury trial.
On August 6 KSA, HMA, Architects and North filed default motions against the town for failure to answer their 1980 cross-claims. The trial court denied the town’s motion for a jury trial. On August 11 the town filed answers to the 1980 cross-claims and on August 18 the town filed its third jury demand. On August 20 the town filed the present mandamus petition.
On September 13 the trial court granted summary judgment against the town on part of its April 7 cross-claim, finding that KSA, HMA and Architects could not be liable in damages for complying with the temporary restraining order to cease work on the hospital project. The trial court also struck the town’s jury demand on the now-dismissed claims. Finally, the trial court denied North’s motion to find the town in default, conditioned, however, on the town’s waiver of trial by jury as to respondent North.
On September 20 the trial court granted partial summary judgment in favor of On-derdonk on the breach of contract claim against him, leaving the malpractice claim. No ruling has been made on the default motions of the respondents against the town, other than North’s.
The relief sought by the petitioner-town is:
*602 “[A]n order granting a jury trial as to all of the issues involved in this litigation, or in the alternative as to such issues that are raised in the claims between the [Town, HMA, KSA] and other individuals and entities named in the breach of contract claims, or as to such issues as to this court seems appropriate to be tried by jury.”
I. JURY TRIAL AGAINST RESPONDENTS KSA, HMA, ARCHITECTS AND ONDERDONK
The proceedings applicable to these respondents may be summarized by the following chronology:
1980 August 22 November Complaint. Cross-claims of respondents v.
1982 March 5 March 25 Town realigned as plaintiff. KSA and HMA refiled their 1980 cross-claims v. town as counter-claims.
April 7 Town filed jury demand and “cross-claims.” Jury demand struck by trial court.
May 10 KSA and HMA answered town’s April 7 cross-claim.
May i2 Town filed motion for jury trial.
Architects answered town's April 7 cross-claim.
June 3 KSA and HMA moved to strike town’s May 12 jury demand.
August 6 Town’s motion for jury trial denied. Respondents moved for default v. town.
August 11 Town filed answers.
August 18 Town filed third jury demand.
August 20 Town filed mandamus petition.
September 13 Trial court granted summary judgment in favor of KSA, HMA and Architects on town’s April 7 cross-claim against them and struck jury demand.
1982 September 20 Partial summary judgment in favor of Onderdonk on Town’s April 7 cross-claim.
We must decide the town’s right to a jury trial on two issues: the respondents’ claims for compensation against the town and the town’s claims against the respondents. The town’s claims (asserted in the April 7 pleading) consist of a breach of contract action against each of the above respondents and the malpractice claim against Onderdonk.
A threshold question, however, is whether the trial court’s September 13 and 20 summary judgment orders against the town on its breach of contract claims rendered moot the jury demands with respect to those claims. We agree with the town that the summary judgments were mere interlocutory orders without a Rule 54(b) determination and thus subject to revision.[1] Evidently the town plans to amend its claims. Therefore, its jury demand is not yet moot, and the present summary judgment orders could not operate to deny the town a jury, should breach of contract claims go to trial.
We first consider the town’s claims against the respondents. The town argues that its April 7 cross-claim was at that time “the last pleading” on the breach of contract and malpractice claims for purposes of Rule 38(b). If so, then the town’s first jury demand, filed the same day, must have been timely. However, according to the respondents, the April 7 pleading merely restates the same substantive claims of the original complaint for declaratory and injunctive relief. Under Hamon Leasing, Inc. v. Continental Cars, Inc., Ala., 358 So.2d 442, 443 (1978), “when the thirty day period of Rule 38(b) has run, an amendment of a pleading which does not introduce new issues will not *603 give rise to the right to demand a jury.” From this the respondents conclude that the April 7 cross-claim could not serve as a last pleading for purposes of Rule 38(b) with respect to the breach of contract and malpractice claims.
In our view the April 7 pleading did introduce new issues because it raised for the first time the issue of the respondents’ liability to the town. The original complaint sought “a declaration of rights of all the parties determining . . . the reasonable compensation which should be paid to counsel, fiscal agents, underwriters, architects, or any others in connection with the hospital project which is the subject of his lawsuit.” In contrast to the April 7 pleading, the original complaint contains no hint that the town would assert monetary claims against the respondents. This difference in the claims asserted and the relief demanded satisfies the requirement of Hamon Leasing, Inc. v. Continental Cars, Inc., supra, that only pleadings introducing new issues may support a jury demand under Rule 38(b). That the underlying facts on which the new issues were based may already have been alleged in the original complaint is immaterial. Therefore, we conclude that the April 7 cross-claim is the last pleading for purposes of Rule 38(b). It follows that the trial court had no basis for striking the town’s April 7 jury demand with respect to the breach of contract and malpractice claims against these respondents.
With respect to their claims for compensation against the town, these respondents contend that the last pleading for purposes of Rule 38(b) was their 1980 answers and cross-claims — making the town’s April 7, 1982, jury demand far too late. They correctly argue that the verbatim refiling as counterclaims on March 25, 1982, introduced no new issues and could not give rise to the right to demand a jury under Hamon Leasing, Inc. v. Continental Cars, Inc., supra. The town replies that with respect to the compensation issues, its first jury demand is supported not by the March 25 pleading but its own April 7 cross-claims, which stated compulsory counterclaims to the respondents’ 1980 claims. Under Baggett v. Sims, Ala., 387 So.2d 792, 794 (1980), a jury demand served within thirty days after a reply to a compulsory counterclaim is timely as to all issues. Thus, the town is correct in arguing that its April 7 cross-claims could serve as a last pleading with respect to the compensation issues if a compulsory counterclaim was indeed asserted by the town.
Under Brooks v. Peoples National Bank of Huntsville, Ala., 414 So.2d 917, 919 (1982), a counterclaim is compulsory rather than permissive when there is any logical relationship to the original claims. Clearly, a logical relationship exists when the town is claiming breach of the contracts on which the respondents are relying for their compensation claims. See also Ex parte Fletcher, Ala., 429 So.2d 1041 (1982) (logical relationship between suit on a note and truth-in-lending counterclaim for lack of disclosure in terms of note). Therefore, we must agree with the town that the April 7 breach of contract cross-claim enabled it to demand a jury as of right for trial of the respondents’ compensation claims against it. We recognize that the town has secured a jury trial on claims against it by means of a compulsory counterclaim that may never go to trial. Such a result is consistent with the rule we adopted in Baggett v. Sims.
II. JURY TRIAL AGAINST RESPONDENT NORTH
North is in a different position from the other respondents in that the town made no claim against him in its April 7 cross-claim. The proceedings applicable to North may be summarized by the following chronology:
1980 August 22 Complaint.
October 29 North’s cross-claim v. town.
1982 March 5 Town realigned as plaintiff.
August 6 North moved for default v. town.
August 11 Town filed answer.
August 18 Town filed jury demand.
August 20 Town filed mandamus petition.
September 13 North’s motion for default denied, conditioned on town’s waiver of jury trial as to North.
*604 The town concedes that with respect to North’s claim for compensation its jury demands are untimely under Dorcal, Inc. v. Xerox Corp., Ala., 398 So.2d 665, 670 (1981), since no answer was filed until after North’s motion for default. See also Brown Mechanical v. Centennial Ins. Co., [Ms. 81-35, January 7, 1983, (on rehearing opinion)] Ala.[2] Thus the town agrees that it it not entitled to a jury trial against North as a matter of right under Rule 39(b). However, the town has also filed a motion for a jury trial, and it contends that the trial court would abuse its discretion under Rule 39 not to order a jury trial against North along with the other respondents, because the evidence for all of their claims is interwoven. Rule 39(b) provides: “Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.”
North replies that the town has only sought a jury against the other respondents. It is not clear from the record whether any of the town’s three jury demands could be read as applying to North.[3] If any of them could be so read, the trial court should now have an opportunity to consider the appropriateness of a jury trial for North in light of the fact that the other parties’ claims will be tried before a jury. Therefore, we leave this matter for the trial court to determine, and we express no opinion on the proper resolution.
For the reasons stated above, the writ of mandamus is granted. We hereby direct the trial court to determine whether a jury trial was sought against North, and if so, whether it would be appropriate under Rule 39(b).
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

. Rule 54(b): “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

. Although the matter is not in dispute, we summarize the two cited cases for clarity. The Dorcal case held that a party opposing a jury trial could preclude the filing of a late answer and jury demand by previously “securing an entry of default.” In the Brown Mechanical case we held that when a motion for default had not been ruled upon, the filing of the motion was sufficient to render ineffective the other party’s subsequent jury demand, because at that point the trial court had discretion under Rule 55 to either enter the default or allow the defaulting party to proceed without a jury. In such a situation the trial court’s discretion to deny a jury demand is as broad as its discretion to enter a default under Rule 55.

. If applicable to North, the town’s three requests for a jury must be considered motions invoking the trial court’s discretion under Rule 39(b) since the town has conceded it is not entitled to a jury against North as of right under Rule 39(b). See Baggett v. Sims, supra, 387 So.2d at 794.