ADAMS, Justice.
This is a petition for writ of mandamus filed by the plaintiff Betty Jean Waites, against the Honorable G.H. Wright, Jr., circuit judge in Lee County, seeking to require him to allow a jury trial as to all parties and all issues.
On December 30, 1983, Judge Wright denied petitioner’s demand for a jury trial because it had not been timely filed and because plaintiff’s amendment to her complaint had added no “new issues” to those already included in the original complaint. Plaintiff’s petition for writ of mandamus is denied.
This case concerns two claims made by the plaintiff. The first claim is that the three original defendants made fraudulent misrepresentations to her concerning an option to purchase certain property which she owned (Count I of the original complaint). The second claim is that these same three defendants, “their agents, employees and servants or persons acting by direction and instruction of the defendants had commit *965 ted a trespass on plaintiffs property ... by intentionally and wilfully casting or causing to be cast dirt, concrete, or other foreign materials on plaintiffs property” (Count II of the original complaint).
The original complaint was filed on December 10, 1981. It was a complaint against Auburn Centers, Ltd., the Flournoy Company, and Robert T. Flournoy. On June 8,1983, one year and six months after the commencement of the original action and over two years after the construction of the shopping center which precipitated this litigation in the first place, plaintiff amended her complaint to add two additional defendants, Freeman & Associates, Inc., and Starr & Son Contractors, Inc. In addition to adding the two new defendants, plaintiff also attempted to amend her complaint by alleging that all of the defendants had built structures and parking lots in such a manner as to collect and channelize surface waters across plaintiffs property, and that as a result of the collection and channelization, plaintiffs land was flooded with unnatural and excessive quantities of water, sand, silt, dirt, trash, and debris. (Count III.)
On June 30, 1983, Auburn Centers, Ltd., Flournoy Company, and Robert T. Flour-noy filed an answer to the amended complaint. On July 8,1983, Freeman & Associates filed an answer to the amended complaint. On July 21, 1983, for the first time, plaintiff filed and served a jury demand as to “all issues triable to a jury.” On September 2, 1983, Starr & Sons filed a suggestion of bankruptcy. On December 30, 1983, the trial court entered an order striking plaintiffs jury demand.
The petitioner raises three distinct issues for our review. They are:
1. Is the plaintiff entitled to a jury trial as a matter of right, on all claims against the two new defendants added by amendment to the complaint on June 8, 1983?
2. Is the plaintiff entitled to a jury trial, as a matter of right, on the channelization claim raised in Count III of the amended complaint, against all defendants, including the three original defendants?
3.Did the trial court abuse its discretion in refusing to grant plaintiffs motion, pursuant to Rule 39(b) of the Alabama Rules of Civil Procedure, for a jury trial?
Because it is our opinion that the amended Count III raised no new issue, the answer to each of these questions is “no.” The judgment of the trial court is affirmed.
Our decision in this case requires an interpretation of Rule 38(b) and Rule 39(b) of the Alabama Rules of Civil Procedure. Rule 38(b) reads:
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue....
Rule 39(b) reads:
(b) By the court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.
As we understand it, plaintiffs argument can be stated thusly: One of the two new defendants, on July 8, 1983, filed its answer to plaintiffs amended Count III, which can be called her “channelization” count, and her jury demand was served on July 21, 1983, thereby giving her a clear right to a jury trial under Rule 38(b) against the two new defendants, as well as against the original defendants, because her jury demand was filed “not later than 30 days after the service of the last pleading directed to such issue.” As to her first count of fraud, she does not claim that she is entitled to a jury trial, since clearly 30 days had expired after the service of the pleading on that issue, but she says she may be entitled to a jury trial on that issue, *966 not as a matter of right, but as a matter of discretion under Rule 39(b), if the trial judge is required to give her a trial by jury on the new claim against the three original defendants, as well as the two new defendants.
We are unable to discern any legal difference between plaintiff’s original Count II and her amended Count III. Sargent v. Lambert Construction Co., 378 So.2d 1153 (Ala.Civ.App.1979). In Count II, plaintiff says that the defendants committed a trespass on her property by casting dirt, concrete, and other foreign materials on her property. In plaintiffs amended Count III, she says that the defendants built structures and parking lots in such a manner that surface waters are collected during moderate and heavy rainstorms in greater quantity than prior to the construction, and that these waters are channeled across the southern end of the plaintiffs property.
The dilemma that the plaintiff finds herself in is not unique to her. The plaintiff in Hamon Leasing, Inc. v. Continental Cars, Inc., 358 So.2d 442 (Ala.1978), had the same problem. In that case, we held:
If the amended complaint had presented a “new issue,” then either party would have been entitled to demand a jury trial as to the new issue. However, when the 30 day period of Rule 38(b) has run, an amendment of the pleading which does not introduce new issues will not give rise to the right to demand a jury. 5 Moore’s Federal Practice, ¶ 38.41, p. 328.4 Connecticut General Life Ins. Co. v. Breslin, 332 F.2d 928 (5 Cir.1964).
358 So.2d at 443.
This is not to say that the trial judge could not have granted a jury trial under Rule 39(b), A.R.Civ.P. That rule provides that a trial judge can grant a jury trial where neither party has demanded it, if the case is one in which either side would have been entitled to a jury trial as of right.
Plaintiffs contention that her amended Count III added two new defendants, and that therefore she is entitled to a jury trial as to these new defendants is unpersuasive. To fashion such a rule would allow a plaintiff who inadvertently failed to request a jury trial to bootstrap himself into being allowed a jury trial merely by adding additional defendants. We say this even though the defendants themselves may have been entitled to request a jury trial.
The plaintiff failed to make a timely demand for a trial by jury, and the trial court did not abuse its discretion in failing to order one. The plaintiff is not entitled to the writ of mandamus.
WRIT DENIED.
FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., recuses himself.