ALMON, Justice.
This is an appeal from a judgment for defendant in an action for assault and battery after a trial without a jury. The issues are whether the trial court erred in denying plaintiff’s motion for trial by jury and whether the judgment is contrary to the great weight and preponderance of the evidence.
Mark A. Coleman and his wife, Lisa E. Coleman, filed this action against W.Y. Elmore on January 11, 1985. Elmore filed his answer on March 19, 1985. The Cole-mans’ counsel withdrew and their present counsel entered an appearance on June 12, 1985. On October 3,1985, the case was set on the non-jury docket for the week of November 12. On October 9, the Colemans filed a motion for jury trial. Elmore objected on October 9. The trial court denied the motion on October 28 and held the trial on November 13.[1]
This case does not involve Rule 38(b), A.E.Civ.P., which provides for a demand for trial by jury within 30 days of the last pleading directed to the issue as to which the demand is made. Instead, a motion for jury trial was filed pursuant to Rule 39(b). The ruling upon such a motion is discretionary with the trial court. Although courts are to exercise their discretion liberally in favor of granting jury trials in the absence of strong and compelling reasons to the contrary, a ruling on a 39(b) motion will not be reversed without a showing of abuse of discretion. Ex parte Waites, 472 So.2d 964 (Ala.1985); Baggett v. Sims, 387 So.2d 792 (Ala.1980); Mobley v. Moore, 350 So.2d 414 (Ala.1977).
The Colemans were represented by counsel during the initial pleading stages, but no demand for jury trial was made. Present counsel did not move for a jury trial until four months after he entered an appearance, and not until the cause was scheduled for a non-jury trial. Elmore objected to the granting of a jury trial. Under the circumstances, we cannot say that the trial court abused its discretion in denying the motion for jury trial.
As to the weight-of-the-evidence issue, a brief sketch of the facts will be sufficient. The Colemans rented a house from Elmore. In November 1984 the Colemans were late with their rent payment. On November 15, Elmore and his wife drove to the leased premises shortly before 6:00 p.m. Mr. El-more went to the front porch and demanded the rent. An argument ensued, which— it is not disputed — led to a scuffle between *1328 the two men on the front lawn. At 6:28 p.m., Coleman presented himself at a hospital with a broken arm.
Mr. and Mrs. Coleman’s version of the incident was that Elmore picked up a heavy-handled rake in the front yard and hit Coleman with it. Mr. and Mrs. Elmore testified that Mr. Elmore never picked up the rake, but that Coleman, a 27-year-old man, jumped off the porch onto Elmore, a 69-year-old man, and sat upon him, strangling him until Mrs. Elmore pulled him off. Mrs. Elmore testified that Coleman strangled her husband with both hands, and that when they left, Coleman’s arm was not broken.
The Colemans testified that after the incident they, or at least Mrs. Coleman, went across the street to the house of a friend of theirs, Clifford Ersenberger, and called the police. Ersenberger testified that he saw the beginning of the event from his porch; that his attention was attracted by loud voices; that he saw Elmore pick up the rake and hold it up in the air; that he then went into his house because his children diverted his attention; that when he returned, the two men were on the ground and Mrs. Elmore was holding the rake; and that he heard Coleman yell that his arm was broken.
The judgment of a trial court when disputed evidence is heard ore terms will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless it is plainly and palpably wrong or manifestly unjust. Dennis v. Dobbs, 474 So.2d 77 (Ala.1985); Popwell v. Greene, 465 So.2d 384 (Ala.1985); Chism v. Hicks, 423 So.2d 143 (Ala.1982).
The evidence was sharply in dispute in this case. While there is certain strong evidence for Coleman, there is also substantial evidence in Elmore’s favor. In an action for assault and battery, the resolution of such issues as provocation, self-defense, and who initiated the use of force can be dispositive. The fact that one person was more seriously injured does not determine who was at fault. The evidence and reasonable inferences therefrom support a conclusion that Elmore did not assault Coleman. Therefore, we cannot say as a matter of law that the trial court should have held Elmore at fault and required him to pay damages. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.

. Lisa Coleman dismissed her claim immediately prior to trial.