RUSSELL, Judge.
This case concerns the denial of a jury trial request.
On August 1, 1988, a complaint was filed by Leo A. Dekle, Sr., against Glenn Seale. Seale was served on August 30, 1988, and responded on September 20, 1988, with a motion to dismiss. The motion to dismiss was denied by the trial court on October 19, 1988. On February 27, 1989, some four months later, Seale filed his answer, counterclaim, and request for a jury trial. De-kle filed a motion for summary judgment on February 20, 1990, and an answer to the counterclaim on April 3, 1990. At the hearing the trial court struck Seale’s request for a jury trial, apparently due to the timing of the request, and ruled on the merits of the case. Seale appeals. We reverse and remand.
The dispositive issue is whether the trial court erred in striking Seale’s request for a jury trial, which was filed with his answer and counterclaim.
Seale contends that he has a right to a jury trial because the request was filed not later than 30 days after service of the last responsive pleading.
Rule 38(b), Alabama Rules of Civil Procedure, provides, in pertinent part, as follows:
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the service of the last pleading directed to such issue.”
(Emphasis supplied.)
In Baggett v. Sims, 387 So.2d 792 (Ala.1980), our supreme court held that a jury demand filed within thirty days after a reply to a compulsory counterclaim is timely as to all issues, including those raised in the complaint and answer, even though the jury trial demand was filed more than thirty days after the answer to the complaint. The “last pleading” for purposes of Rule 38(b), A.R.Civ.P., was held to be the reply to the compulsory counterclaim.
A counterclaim is compulsory, as opposed to permissive, if there is a logical relationship to the original claims. Ex parte Town of Citronelle, 428 So.2d 600 (Ala.1983). In the instant case, Dekle’s complaint demanded judgment for failure to repair and for negligent repair by Seale at Dekle’s home. The counterclaim filed by Seale demanded judgment against Dekle for failure to pay the cost of repairs made, plus twenty percent. Clearly, the counterclaim has a logical relationship to the original claim and is a compulsory counterclaim.
Where, as in the instant case, the complaint, answer, and compulsory counterclaim have been filed and the response to the counterclaim has not been filed, we will consider the answer asserting the counterclaim to be the last pleading directed to the issue, and the “thirty-day limit must, therefore, run from the date of service of the answer.” Dorcal, Inc. v. Xerox Corp., 398 So.2d 665, 669 (Ala.1981). We do note, however, that, if Dekle had filed a motion for default judgment prior to the jury request, the trial court legally could have denied Seale’s jury request. Camelot Music, Inc. v. Marx Realty & Improvement Co., 514 So.2d 987 (Ala.1987).
Since the request for a jury trial was filed with the answer and counterclaim, we find that the request was served “not later than 30 days after the service of the last pleading directed to such issue,” Rule 38(b), A.R.Civ.P., and that Seale had a right to a trial by jury.
This case is due to be reversed and remanded with instructions for the trial court to hold proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.