# Town of Coffee Springs *v.* Glover.

## *Assumpsit.*

(Decided April 21, 1914.    Rehearing denied May 14, 1914.
65 South. 440.)

1. *Schools and School Districts; Contracts With Teachers; Validity.*—A mayor and councilmen of a town have no authority to employ a teacher, unless there is no Board of Education in the town, and a teacher relying on a contract with the mayor and councilmen has the burden of showing that there was no Board of Education therein.    (Section 1353, 1355, and 1701, Code 1907.)

2. *Municipal Corporations; Contracts; Ultra Vires.*—A contract which is outside the corporation confers no rights, and neither the making of the contract nor the receiving of benefits under it estops the municipality from setting up the invalidity of the same.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by J. A. Glover against the Town of Coffee Springs and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The suit is against J. C. Nelms and others named and the town of Coffee Springs, a municipal corporation, for the balance due plaintiff under a contract to teach school. The contract sets out an agreement between the mayor and members of the town council of Coffee Springs, Ala., and the plaintiff, also J. J. Harris and G. W. Williams as trustees, and the others as trustees of the literary school of district 43, by which the parties of the first part agree and promise to pay plaintiff $80 per month, in regular monthly installments, to be paid out of the state funds of the regular state appropriation, and the funds constituting the fees known as the "school supplement." The complaint alleges that while in the performance of his duties as teacher of said school, and while in the execution of his part of the contract, defendant discharged plaintiff, kept him out of said schoolroom, and declined to permit him to continue said school, notwithstanding plaintiff was ready, able, and willing to do so. The demurrers raise the question discussed in the opinion.

C. D. CARMICHAEL, for appellant. In the absence of a board of education in a town, the mayor and councilmen may make a contract with teachers, but where there is such a board of education, they alone have power to contract.—Sections 1353, 1355 and 1701, Code 1907. The burden was on plaintiff under the pleadings not only to show the absence of a board of education, but also to show a contract executed in accordance with section 1183, Code 1907. If the contract was ultra vires the corporation, the fact that it had been acted on and that benefit was received thereunder, would not avail plaintiff in this case.

W. O. MULKEY, for appellee. The fact that the contract was not made in strict accordance with section 1183, Code 1907, did not render the contract void.—28 Cyc. 664; *Montgomery County v. Barbour,* 45 Ala. 237; *Salina v. Neosho,* 48 Am. St. Rep. 654; see also the following cases.—77 N. Y. 463; 146 Cal. 754; 96 U. S. 341. The town received the benefits and was liable on the contract.—47 Ind. 407, and authorities supra. If the individuals were not bound, and it is conceded that they were not, then the town is bound for they were acting as its officers and were such at the time.

WALKER, P. J.—By the judgment appealed from the appellant municipality, the town of Coffee Springs, was charged with liability on a contract, entered into by its mayor and councilmen, with the appellee for the employment of the latter as a teacher of a school of the school district which the town constituted.—Code, § 1356. The contract was made at a time when the powers of the municipality were governed by the provisions of the general municipal law, which is set out in volume 1 of the Code. By that law full powers of management and control of the public schools in a town, including the employment of teachers and the fixing of their salaries, are vested in a board of education, the mode of selecting which is different in the case of a town having a population of more than 1000 from that which is prescribed when the town has 1000 population or less. —Code, §§ 1353, 1355. The result of a failure of a municipality to have a board of education, as contemplated by the law, is shown by section 1701 of the Code, which is as follows:

"In all municipalities where there is a board of education, the board shall have full charge and control of such separate school district, and shall have and exer-

cise all the powers and authority conferred by law upon township trustees. In municipalities where there is no such board of education, the powers and duties of trustees shall devolve upon and be performed by the mayor and board of aldermen, or other governing body, of said municipality, and all funds due such separate school district shall be paid to the board of education of such separate school district, or to the mayor, board of aldermen, or other governing body of such municipality, where there is no such board of education, by the county superintendent of education, as required by law."

We understand that an effect of this provision is that the mayor and councilmen of the appellant municipality are not vested with authority to exercise any of the powers in relation to the public schools of the town which primarily are conferred on a board of education, unless at the time such authority is undertaken to be exercised by them the municipality is one in which there is no board of education as provided for by statute. In other words, the existence of such authority in the governing body of the municipality is made dependent upon its not having a board of education. The power does not exist in the absence of the statutory prerequisite of its existence. A contract which is outside the pale of the corporate authority confers no right, and neither the making of the ultra vires contract nor the receiving of benefits under it estops the corporation from setting up its invalidity.—*Cleveland School Furniture Co. v. City of Greenville,* 146 Ala. 559, 41 South. 862.

In the trial which resulted in the judgment which is appealed from there no evidence tending to prove that the appellant did not have a board of education, as provided for by statute. A result of the absence of such evidence was that it was not made to appear that the contract upon which the plaintiff had to rely for a re-

[Johnson v. Huntsville Gro. Co.]

covery was one upon which the defendant could be charged with liability. The plaintiff having failed to introduce evidence which was essential to his right to recover, the general affirmative charge in its favor, which was requested by the defendant, should have been given. The judgment is reversed for the error committed by the refusal of the court to give that charge.

The plaintiff not having shown that the contract upon which he relied was made by officers authorized to bind the defendant by such an obligation, it is not necessary to inquire whether or not, if it had been shown that those officers possessed the requisite authority, the contract, as made by them would have failed to bind the defendant, because it was not executed in the particular mode which is prescribed by statute.—Code, § 1183.

Reversed and remanded.