Myrna Clark, Emery Clark, Ticor Title Insurance Company ("Ticor Title"), Dennis Reeves, Teresa Reeves, and AVCO Financial Services of Alabama, Inc. ("AVCO"), petitioned this Court for a writ of mandamus directing Judge Horace Nation, of the Walker Circuit Court, to vacate his order denying a jury trial as to certain issues raised in an action pending in the Walker Circuit Court.
In December 1992, Lee Clark and Alta Clark sued Dennis Reeves, Teresa Reeves, and AVCO, seeking the sale of certain real property and a division of the proceeds. The Reeveses answered in March 1993, claiming that Lee and Alta Clark had no interest in the land and counterclaiming for damages based on conversion, outrage, and trespass; the Reeveses demanded a jury trial on these issues. Lee and Alta Clark then amended their complaint in April 1993 to add Emery Clark, Myrna Clark, and Ticor Title as defendants, and alleged against them claims of negligence, fraud, and conspiracy. Myrna Clark answered in July 1993, alleging that she and her husband Emery Clark were the sole owners of the property. She also counterclaimed and cross-claimed for damages based on claims of fraud, conversion, and trespass, alleging that she and her husband were the sole owners of the property; that a deed purporting to convey an interest in the land to the Reeveses was procured by fraud involving forgery; that Lee and Alta Clark had converted funds and other property belonging to Myrna Clark by renting out the subject real property without permission; and that Lee and Alta Clark had trespassed on the subject real property. Lee and Alta Clark answered Myrna Clark's counterclaim on October 18, 1993, and on October 26, 1993, Myrna Clark filed a jury demand. On October 27, 1993, the Reeveses filed a "motion to bifurcate" the issues regarding the ownership of the real property and to set these *Page 978 
issues for a nonjury trial and to set the remaining tort claims for resolution at a later time. The trial court then granted Lee and Alta Clark's motion to bifurcate on October 28, 1993, and denied the defendants' subsequent motion to "reconsider" that ruling. The defendants petition this Court for a writ of mandamus directing the trial judge to vacate his order granting the motion to bifurcate the issues, which amounted to an order denying a jury trial. We will hereinafter refer to the defendants collectively as "Myrna Clark."
Mandamus is a drastic and extraordinary writ, to be issued only where there is a clear legal right to the relief sought by the petitioner. Ex parte Leigeber, 623 So.2d 1068 (Ala. 1993). Myrna Clark argues that she has a clear legal right to a jury trial on the claims she brought against Lee and Alta Clark, and that the trial court had no discretion to deny this right.
A defendant in an action for partition of real estate or for the sale of real estate for a division of the proceeds, who denies the plaintiff's title or sets up an adverse claim, is entitled to a jury trial on demand, if the demand complies with Rule 38(b), Ala.R.Civ.P.; Ala. Code 1975, § 6-8-1. In the context of an action seeking a sale for division, Rule 38(b) requires that the party make the jury demand within 30 days after the service of the last pleading pertaining to the issues on which the jury trial is demanded.
In this case, Myrna Clark filed her jury trial demand on October 26, 1993, within 30 days after Alta and Lee Clark had answered her counterclaim.[1] We further note that the original defendants, the Reeveses, filed a timely demand for a jury trial on issues that are inextricably intertwined with the issues raised in Myrna Clark's counterclaim against Lee and Alta Clark. Because the Reeveses and Myrna Clark filed timely demands for a jury trial, to which they were entitled by right, the trial court erred in bifurcating the issues and ordering a nonjury trial.
The petition for a writ of mandamus is hereby granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] The record shows that Alta and Lee Clark answered Myrna Clark's counterclaim more than 30 days after service of the counterclaim; however, Myrna Clark effectively extended the time for their reply by failing to seek a default judgment on the claims against them after they had failed to answer within the 30-day time limit. Dorcal, Inc. v. Xerox Corp.,398 So.2d 665 (Ala. 1981).