HOOPER, Chief Justice.
Gloria Ann Poe Johnson Kurtts filed a complaint on April 24, 1996, seeking the partition of certain real property. Ailene Poe Ward filed a complaint the following day seeking a partition or a sale of the property and a division of the proceeds among the joint owners. On July 8, 1996, the cases were consolidated. On January 29, 1997, Kurtts filed an amended complaint, claiming an insurable interest in the property in question and demanding one-half of the insurance proceeds from a fire that had destroyed a structure on the property. On February 12, 1997, 14 days after filing the amended complaint, Kurtts filed a demand for a jury trial; the 'next day, the trial judge denied that demand as untimely. Kurtts petitions for a writ of mandamus directing the circuit judge to set aside the denial of her jury trial demand.
Kurtts and Ward own separate undivided one-half interests in the real property; that property consists of one lot with a house built upon it. Before the parties filed their complaints for partition, a structure on the property was destroyed by fire; Ward received $35,000 in insurance proceeds as a result of that fire. Kurtts contends that she is entitled to half of the proceeds, arguing that she has an insurable interest in the property because both she and Ward hold title to the property.
Kurtts claims the court erred in denying her demand for a jury trial. She maintains that under Rule 38(b), Ala.R.Civ.P., her jury demand was timely because it was filed within 30 days of the date she amended her complaint. She also maintains that any party to a partition action may demand a trial by jury and have the issue decided by a jury if an adverse claim is set up by a party in the matter.
Kurtts’s argument has merit, for several reasons. First, according to Rule 38(b), Ala.R.Civ.P., and Ex parte Waites, 472 So.2d 964 (Ala.1984), if the amended complaint presents a new issue, then either party to the action is entitled to demand a trial by jury as to the new issue, by a demand made within 30 days of the filing of the amended complaint. Kurtts’s amendment presented the new issue regarding distribution of the insurance proceeds, and she made her jury demand 14 days after filing the amendment. Therefore, she is entitled to a trial by jury.
Second, this Court has previously written:
“A defendant in an action for partition of real estate or for the sale of real estate for a division of the proceeds, who denies the plaintiffs title or sets up an adverse claim, is entitled to a jury trial on demand, if the demand complies with Rule 38(b), Ala.R.Civ.P.; Ala.Code 1975, § 6-8-1.”
*1185 Ex parte Clark, 643 So.2d 977, at 978 (Ala.1994). In Clark, the parties sought the sale of-certain real estate and a division of the proceeds. The pleadings raised adverse claims to title and also presented claims for damages based on allegations of fraud and conversion. One of the parties moved the trial court to “bifurcate” the issues involving ownership of the land, for a nonjury trial, and to set the tort claims “for resolution at a later time,” 648 So.2d at 977-78; the trial court granted that motion. Clark petitioned this Court for a writ of mandamus directing the trial judge to set aside his bifurcation order. This Court ruled that, because the request for a sale for division presented adverse claims to title, Clark was entitled to a jury trial on the sale-for-division issues; thus, it was error to separate those issues from the tort issues, because the separation for a nonjury trial “amounted to an order denying a jury trial” on the sale-for-division issues, 643 So.2d at 978.
The present case involves an issue similar to that which was decided in Clark. This ease involves both a claim for partition of real estate or a sale of that real estate and a division of the proceeds and a claim for a division of insurance proceeds received by one of the parties as a result of the destruction of a building on the property. Kurtts filed an adverse claim regarding the insurance proceeds; either party was entitled to a jury trial on demand made in compliance with Rule 38(b), Ala.R.Civ.P. See Clark, 643 So.2d at 978. Kurtts complied with Rule 38(b), by filing her demand for a jury trial within 30 days after amending her complaint to include the adverse claim. Therefore, because Kurtts complied with the requirements established in Clark, she is entitled to a trial by jury on both the partition issue and the insurance proceeds issue.
This Court has written:
“[Mjandamus is [an] extraordinary remedy; ... it may not compel [the exercise of discretion] ‘in a particular manner except where there is an abuse of discretion,’ or “when there is a clear showing that the trial court ... exercised [its discretion] in an arbitrary or capricious manner.’ ”
Ex parte Duncan Construction Co., 460 So.2d 852, at 853-54 (Ala.1984) (citations omitted).
Section 11, Ala. Const.1901, makes trial by jury a fundamental right. That right cannot be abridged, but the party demanding a jury must comply with Rule 38(b), Ala.R.Civ.P. Kurtts amended her complaint to include the adverse claim regarding the insurance proceeds and then timely filed her demand for a trial by jury. Therefore, she complied with the time requirement of Rule 38(b). She is entitled to a trial by jury.
The petition for the writ of mandamus is granted. The trial judge is directed to set aside the order denying the jury demand and to order a jury trial for this case. .
WRIT GRANTED.
MADDOX, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.