SHAW, Justice.[1]
L & D Transportation (“L & D”) and George Berry (collectively “the petitioners”), the defendants in an action brought by the plaintiff, Brian Jones, petition this Court for a writ of mandamus compelling the Tallapoosa Circuit Court to set this case for a jury trial rather than a bench trial. We grant the petition and issue the writ.

Facts and Procedural History

In March 2003, Jones was driving a motor vehicle on Highway 280 in Tallapoo-sa County. He was involved in a collision with a motor vehicle being driven by Berry.
In March 2004, Jones sued Berry and L & D, Berry’s employer, seeking damages for injuries Jones allegedly received in the *324 accident; he alleged that Berry was acting in the line and scope of his employment with L & D at the time of the accident. Jones’s complaint demanded a trial by jury. The petitioners answered the complaint and also demanded a trial by jury.
In August 2004, the trial court dismissed the case pursuant to a motion filed by the petitioners, apparently on the ground that Jones had failed to obey an order of the trial court. The case was reinstated in November 2004. In November 2006, the petitioners again moved the trial court to dismiss the action, this time based on an alleged failure to prosecute, which motion the trial court granted in March 2007. Jones moved to reinstate the case, and the trial court held a hearing on Jones’s motion on May 9, 2007.
In an order entered on June 6, 2007, the trial court granted Jones’s motion to reinstate the case. In its order, the trial court noted, in part: “At the May 9, 2007 hearing, [Jones’s] new counsel advised the Court that, in an effort to further expedite this matter, they would voluntarily withdraw the ... jury demand.” The trial court further stated: “[T]he plaintiffs case is reinstated and plaintiffs jury demand is stricken.” (Emphasis and capitalization omitted.) The resulting entries on the case-action summary stated:
“06/06/2007 ... ORDER — REINSTATED AND JURY DEMAND STRICKEN.
“06/08/2007 ... BENCH/NON-JURY TRIAL REQUESTED.”
(Capitalization in original.)
In July 2009, Jones filed a motion to set the case for trial. On September 17, 2009, an entry appeared in the case-action summary stating that the case was “SET FOR: TRIAL — BENCH ON 12/01/2009.... ” (Capitalization in original.) On November 13, 2009, the petitioners filed a motion to reset the case for a jury trial. The trial court denied the motion on December 1, 2009. The petitioners now seek mandamus review of the trial court’s denial of their motion.

Standard of Review

“A petition for a writ of mandamus is the appropriate method of challenging a trial court’s denial of a demand for trial by jury.” Ex parte Jackson, 737 So.2d 452, 453 (Ala.1999).
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001).

Discussion

Alabama Const. 1901, Art. I, § 11, provides: “[T]he right of trial by jury shall remain inviolate.” See Ex parte Kurtts, 706 So.2d 1184, 1185 (Ala.1997) (“Section 11, Ala. Const. 1901, makes trial by jury a fundamental right.”). Similarly, Rule 38(a), Ala. R. Civ. P., provides: “The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate.” This right, however, is subject to waiver. Mall, Inc. v. Robbins, 412 So.2d 1197, 1199 (Ala.1982) (“[N]o constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury.”).
A demand for a jury trial may be withdrawn by consent of the parties. Rule 38(d), Ala. R. Civ. P. (“A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.... ”). The materials before us *325 clearly reflect that, when this case was reinstated in June 2007 on Jones’s motion, Jones desired to withdraw his own jury demand. Although the parties dispute whether Jones’s jury demand was properly withdrawn under Rule 38(d), Ala. R. Civ. P.,[2] the petitioners maintain that their own timely request for a jury trial was never withdrawn or stricken. Nothing in the materials before us explicitly contradicts that assertion. Specifically, the orders of the trial court entered before September 2009 indicate only that Jones’s request for a jury trial had been stricken and that a bench trial was simply “requested.” The first indication by the trial court that the case would not actually be tried by a jury occurred when the trial court, on September 17, 2009, set the case for a bench trial.
In determining whether a party has waived a previous, timely request for a jury trial, we have noted that “[wjaiver of a jury demand may arise from ‘any conduct or acquiescence inconsistent with an intent to insist upon jury trial.’ ” Holman v. Alabama Farm Bureau Mut. Cas. Ins. Co., 476 So.2d 107, 108 (Ala.1985) (quoting Ingram v. Omelet Shoppe, Inc., 388 So.2d 190, 195 (Ala.1980)). In Holman and Ingram, the parties who had previously demanded trials by jury, but whose requests had not been ruled on, did not object to the fact that there was no jury until after the case had been tried in a bench trial. Similarly, in Bullock v. Howard, 717 So.2d 402, 403 (Ala.Civ.App.1998), the court noted that “participating in [a] non-jury trial without requesting a ruling on [a] jury demand, or without objecting to the lack of a jury, is inconsistent with an intent to insist upon a jury trial.” See also Brown Mech. Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 941 (Ala.1983) (holding that a party was estopped from seeking a jury trial because it assented to a nonjury trial in another proceeding that litigated its claim). Further, an objection to the lack of a jury made after trial has commenced comes too late and in such a case the right to a jury trial is waived. Raburn v. Bailes, 565 So.2d 122, 126 (Ala.1990).
The petitioners assert that they have taken no action inconsistent with their request for a jury trial. We agree. Jones suggests that the petitioners should have acted in June 2007 to secure a jury trial, but nothing in the materials before us indicates that the petitioners’ separate jury demand was refused by the trial court until September 2009, when the trial court scheduled a bench trial. No other conduct by the petitioners that could be considered inconsistent with an intent to insist upon a jury trial (or as a waiver) is identified.
When a “demand for a jury trial is made ... the demand is effective to compel a jury trial on all issues raised in the complaint, answer, compulsory counterclaim, and reply thereto. No judicial discretion is invoked.... ” Baggett v. Sims, 387 So.2d 792, 795 (Ala.1980). The facts of this case show that the petitioners timely demanded a jury trial under Rule 38(b), Ala. R. Civ. P. The petitioners’ request for a jury trial was never stricken and was never waived by consent under Rule 38(d), *326 Ala. R. Civ. P. Further, no waiver, as identified by prior caselaw, e.g., Holman, Ingram, Bullock, Brown Meek Contractors, and Rabum, supra, occurred in this case. Therefore, the trial court exceeded its discretion in denying the petitioners’ motion to reset the case for a jury trial.

Conclusion

The petitioners are entitled to a jury trial. The petition is granted, and the trial court is instructed to set the case for a jury trial.
PETITION GRANTED; WRIT ISSUED.
WOODALL, STUART, BOLIN, PARKER, MAIN, and WISE, JJ„ concur.
MURDOCK, J., concurs in the result.
COBB, C.J., dissents.

. This case was previously assigned to another Justice; it was reassigned to Justice Shaw on February 23, 2011.

. Counsel for both sides present affidavit testimony outside the record disputing whether the petitioners consented to the withdrawal of Jones’s jury demand. These materials are not properly before this Court. Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002) ("[T]his Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.”), but see Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1228 (Ala.2009) (considering affidavit testimony describing what occurred at a hearing, noting that the assertions in the affidavit were not denied by the opposing party and purported "to describe proceedings before the trial court”).