PARKER, Justice.
Carson Sweeney petitions this Court for a writ of mandamus directing the Geneva Circuit Court to vacate its order of May 26, 2011, insofar as the order granted Timmy Joe Holland’s motion to strike Sweeney’s demand for a trial by jury in Holland’s trespass action against him. We grant the petition and issue the writ.

I. Facts and Procedural History

On November 24, 2010, Holland sued Sweeney, alleging that Sweeney had entered Holland’s property and damaged it by, among other things, “removing] trees, timber and other foliage, [and] soil”; “redirecting] water flow”; and “installing] drainage apparatuses.” The complaint stated the following causes of action: “trespass — trespass to chattels,” negligence, negligent supervision, and conversion.
On January 14, 2011, attorney Lee F. Knowles filed a notice of appearance on Sweeney’s behalf. On February 21, 2011, Holland’s attorney, Jeffrey D. Hatcher, sent a letter to Knowles, stating, in relevant part, that “it does not appear that you *879 have filed an Answer in this cause. Please file an Answer in this matter as soon as possible so that we can resolve this matter without further delay.”
On March 23, 2011, Holland filed what he styled as a “motion to set final hearing”; in that motion Holland stated, among other things, that “an answer to the Complaint has not yet been filed.” The circuit court set the matter for a nonjury trial on May 26, 2011.
On April 26, 2011, Sweeney filed an answer and a counter-complaint and asserted two claims — breach of contract and violation of the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq., for filing an action “without substantial justification” — and demanded “a trial by struck jury on all issues.” On May 9, 2011, Holland filed a motion to strike Sweeney’s answer and counter-complaint, including the demand for a trial by jury, arguing that the answer and counter-complaint were untimely filed.
On May 26, 2011, the circuit court entered an order that, among other things, granted in part and denied in part Holland’s motion to strike Sweeney’s answer and counter-complaint. In its order, the circuit court found that Sweeney’s failure to file his answer and counter-complaint in a timely manner “was unreasonable and inherently prejudicial” to Holland and that “[g]ood cause has not been shown for said failure.” Nonetheless, the circuit court denied Holland’s motion insofar as it sought to strike Sweeney’s answer and counter-complaint because, the circuit court said, “the interest of preserving a litigant’s right of trial on the merits is paramount.” However, the circuit court granted Holland’s motion insofar as it sought to strike Sweeney’s demand for a jury trial, concluding that Sweeney had “waived his right to demand a trial by jury.”[1]
On June 9, 2011, Sweeney filed a “motion for reconsideration, modification, new hearing, or in the alternative, motion to alter, amend or vacate” the order striking his jury-trial demand, which the circuit court denied. Sweeney then filed this petition for the writ of mandamus, seeking relief from the circuit court’s order.

II. Standard of Review

“The standard of review applicable to a petition for a writ of mandamus is well settled:
“ ‘ “Mandamus is an extraordinary remedy and requires a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).” Ex parte Gates, 675 So.2d 371, 374 (Ala.1996). See also Ex parte Waites, 736 So.2d 550, 553 (Ala.1999).’
“Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000).”
*880 Ex parte Bessemer Bd. of Educ., 68 So.3d 782, 788 (Ala.2011). We also note that
“[a] trial court ‘should exercise its discretion liberally in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary.’ Fuino v. Morrow, 427 So.2d 710, 712 (Ala.Civ.App.1983). The standard of review applicable to a trial court’s striking a party’s jury demand is whether the court’s action clearly exceeded the limits of its discretion. See Boreal, Inc. v. Xerox Corp., 398 So.2d 665, 669 (Ala.1981).”
Smith v. Smith, 6 So.3d 534, 541 (Ala.Civ.App.2008).

III. Discussion

Sweeney argues that, by granting Holland’s motion insofar as it sought to strike Sweeney’s demand for a trial by jury, the circuit court “deprived [Sweeney] of one of the most basic fundamental rights in American Law which should not, is not, and has never been left to the discretion of the Court.” Specifically, Sweeney argues that the circuit court’s ruling violated his right to a trial by jury as “guaranteed by the Seventh Amendment of the United States Constitution as well as by the Constitution of Alabama of 1901.” We agree.
“Alabama Const.1901, Art. I, § 11, provides: ‘[T]he right of trial by jury shall remain inviolate.’ See Ex parte Kurtts, 706 So.2d 1184, 1185 (Ala.1997) (‘Section 11, Ala. Const.1901, makes trial by jury a fundamental right.’). Similarly, Rule 38(a), Ala. R. Civ. P., provides: ‘The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate.’ This right, however, is subject to waiver. Mall, Inc. v. Robbins, 412 So.2d 1197, 1199 (Ala.1982) (‘[N]o constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury.’).”
Ex parte L & D Transp., 70 So.3d 322, 324 (Ala.2011). Furthermore,
“this Court’s mandate to preserve the right to a trial by jury is clear when that right was available at common law, Ex parte Jones, 447 So.2d 709, 711 (Ala.1984), if it has not been abridged by Federal law, see Green Tree Fin. Corp. v. Shoemaker, 775 So.2d 149, 150 (Ala.2000) (stating that arbitration clauses will be enforced in Alabama to the extent required by Federal law), and has not been expressly waived by contract, Gaylord Dep’t Stores of Alabama, Inc. v. Stephens, 404 So.2d 586, 588 (Ala.1981) (adopting decisions from other jurisdictions holding that the right to a jury trial may be waived by contract).”
Ex parte Cupps, 782 So.2d 772, 775 (Ala.2000) (emphasis added).
In this case, Sweeney demanded a trial by jury in his consolidated answer and counter-complaint, which the circuit court allowed despite finding that it was untimely filed. It is well settled that the circuit court is vested with broad discretion in determining whether to allow an untimely filed answer. See Hair v. Moody, 9 Ala. 399, 400 (1846) (“[I]t is the settled practice in this court, that the allowance of pleadings out of time, is a matter of discretion with the court, the exercise of which is not a subject of revision.” (quoted with approval in Consolidated Pipe & Supply Co. v. City of Bessemer, 69 So.3d 182, 187 (Ala.Civ.App.2010))). In this case, the circuit court’s determination that Sweeney’s consolidated answer and counter-complaint would be allowed despite the fact that it was untimely conforms to this Court’s “long-established and compelling policy objective of affording litigants a trial on the merits whenever possi *881 ble.” Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822, 827 (Ala.1991) (citing numerous cases).
However, having allowed Sweeney’s consolidated answer and counter-complaint to proceed for a determination of the case on the merits, the circuit court had no basis to strike Sweeney’s demand for a trial by jury. By allowing Sweeney’s consolidated answer and counter-complaint to proceed for a determination on the merits of the case, the circuit court effectively treated the answer as timely filed. See Manati v. Union Pacific R.R., 122 F.3d 514, 517 (8th Cir.1997) (noting that “ ‘[bjecause the district court has the power to allow a longer time, ... the court, in its discretion, may permit the filing of an answer that would be otherwise untimely ’ ” (quoting Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir.1983) (emphasis added))); see also 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2257 (3d ed. 2010) (“[T]he court can, in its discretion, permit what would otherwise be an untimely answer.” (emphasis added)). Thus, there is no basis for concluding, as Holland argues we should do, that Sweeney’s demand for a trial by jury, filed with his answer and counter-complaint, was untimely.
Furthermore, nothing before us indicates that Sweeney either waived his right to a trial by jury or that a trial by jury is unavailable to him for any reason established by prior precedent. See Ex parte Cupps, supra (the right to trial by jury is available to a litigant “when that right was available at common law”; “if it has not been abridged by Federal law”; and if it “has not been expressly waived by contract”); [2] Alford v. State ex rel. Att’y Gen., 170 Ala. 178, 189, 54 So. 213, 216 (1910) (“[The right to trial by jury] has usually been held not to apply to violations of municipal ordinances, nor to minor offenses punishable summarily, as con-tempts, as to which a jury trial was never known, or as to which, under former usage, a jury trial was not required; nor as to equity suits, except in certain specified cases.”).[3]
In sum, there was no basis on which the circuit court could have properly concluded that Sweeney had waived or was otherwise not entitled to a jury trial in this case. Sweeney has established that he has been deprived of his “fundamental, constitutionally guaranteed right to a trial by jury,” Reserve Nat’l Ins. Co. v. Crowell, 614 So.2d 1005, 1010 (Ala.1993) (citing Ala. Const, of 1901, Art. I, § 11); therefore, Sweeney’s petition is due to be granted.

TV. Conclusion

Sweeney has demonstrated a clear legal right to the relief sought in his petition for the writ of mandamus. Accordingly, we grant the petition and issue the writ, directing the circuit court to vacate that part of its order of May 26, 2011, granting *882 Holland’s motion to strike Sweeney’s demand for a trial by jury and to deny Holland’s motion to strike in its entirety.
PETITION GRANTED; WRIT ISSUED.
STUART, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.
MALONE, C.J., and WOODALL, BOLIN, and SHAW, JJ., concur in the result.

. We note that in its order the circuit court cited no authority in support of its disposition of Holland’s motion to strike.

. According to Sweeney’s counter-complaint, the "contract” between the parties was an oral agreement whereby Sweeney would remove kudzu from Holland's property. Specifically, Sweeney asserted in his counter-complaint that he "entered into an agreement with [Holland] to provide a service, specifically to clear a kudzu patch for the benefit of both parties.”

. Neither Holland nor Sweeney has alleged an equitable claim in this case; each of the parties’ respective claims seeks only an award of monetary damages. See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 710, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (" ‘We have recognized the "general rule” that monetary relief is legal.’ ” (quoting Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 352, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998), quoting in turn Teamsters v. Terry, 494 U.S. 558, 570, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990))).